UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE | : |
| VS. | :          NO. 3:06cv1680(PCD) |
| HAMDEN BOARD OF EDUCATION | :          NOVEMBER 5, 2007 |

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

      This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688.  It alleges that the plaintiff Mary Doe, a 15-year-old student at Hamden High School, was forcibly raped by an 18-year-old senior at a motel on the Berlin Turnpike over summer recess.  The victim concealed this fact until January 2006, when she disclosed it to her therapist and her mother, Jane Doe.  The victim's mother promptly reported the rape to the police and to all appropriate school officials in Hamden.  Hamden police launched an immediate investigation inside the school, calling students out of classes on at least two occasions for interrogation.  None of this, of course, could have taken place without the knowledge of school officials.  In February 2006 an arrest warrant was issued charging the senior, Juan Garcia, with sexual assault in the first degree.  He was physically arrested inside the Hamden High School while school was in session.  Despite the existence of a written Board of Education policy providing expressly that

1

students would be expelled if arrested for off-campus rapes, and despite Jane Doe's repeated demands that Garcia be removed from school, no action whatsoever was taken against him by the defendant. He remained in school and over the next several months wandered in and out of the plaintiff's classes. Friends of his, some of whom had been present at and had aided and abetted the rape, overtly and repeatedly harassed and threatened the victim both in school and outside of school. The victim and her mother complained to school officials on virtually a daily basis and, while on occasion escorts were provided to the victim as she moved from class to class, no action was taken against any of the harassers. The victim became so distraught that her grades plummeted and eventually she transferred to another school district.[1]

"Title IX prohibits gender-based discrimination in a wide array of programs and activities undertaken by educational institutions....The statute's enforcement machinery includes an implied private right of action....*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 283-84 (1998).....[S]exual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX." <u>Frazier v. Fairhaven School Committee</u>, 276 F.3d 52, 65 (1st Cir. 2002). Such a violation is present when the victim's school experience is "permeated with discriminatory intimidation, ridicule, and insult"

---

[1] All of these facts are taken from the plaintiff's Local Rule 56 Statement submitted herewith along with the deposition testimony and sworn interrogatory answers that support each of these allegations. These submissions are incorporated herein by reference.

sufficiently severe to compromise the educational experience. *Ibid.*; Brown v. Hot, Sexy & Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).

The defendant has moved for summary judgment, claiming in rather cursory fashion that the plaintiff's evidence simply does not establish a Title IX violation. Curiously, the defendant has failed to cite the recent reported decisions in this district which, on facts virtually identical to those in the present case, have ruled in favor of the plaintiff victims. Doe ex rel. A.N. v. East Haven Board of Education, 430 F. Supp. 2d 54 (D. Conn.), *affirmed* 200 Fed. Appx. 46 (2nd Cir. 2006); Doe ex rel. Doe v. Derby Board of Education, 451 F. Supp. 2d 438 (D. Conn. 2006); Riccio v. New Haven Board of Education, 467 F. Supp. 2d 219 (D. Conn. 2006).

The victim in this case was forcibly raped by an adult senior in her school. Such conduct, as a matter of law, constitutes sexual harassment within the meaning of Title IX. Brzonkala v. Virginia Polytechnic Institute, 132 F.3d 949, 959 (4th Cir. 1997). *See also* Vance v. Spencer County Public School District, 231 F.3d 253 (6th Cir. 2000). The fact that the conduct took place off campus is irrelevant. No case has held that the location of the student-on-student sexual harassment is dispositive of whether it constitutes sexual harassment within the meaning of Title IX. The issue is whether the school administration was aware of it and, if aware, took reasonable steps to remedy the harassment.

The rape was thereafter followed by student-on-student retaliation against the victim for reporting the rape. Retaliation for complaining about sexual harassment is prohibited

by Title IX, and actionable thereunder.  Jackson v. Birmingham Board of Education, 544 U.S. 167 (2005).  Moreover, verbal abuse can constitute sexual harassment even if no gender-specific words are used.  Quick v. Donaldson Co., 90 F.3d 1372, 1379 (8th Cir. 1996); Carter v. Chrysler Corp., *supra*, 173 F.3d at 700-01.  The fact that many of the perpetrators were of the same sex as the victim is irrelevant.  Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 79 (1998); Doe v. Dallas Independent School District, 153 F.3d 211, 219 (5th Cir. 1998).

  Clearly the defendant and its agents were callously indifferent to the suffering of the 15-year-old victim in this case.  Despite the perpetrator's[2] arrest inside the school itself while classes were in session, the defendant took no action whatsoever against him and permitted him to attend classes and wander around the school building, in and out of the victim's classes while she was in attendance.  The defendant did not even consider invoking its express written rule providing for expulsion on facts such as these.  On the contrary, school officials threatened the victim with expulsion when the emotional distress engendered by its own refusal to protect her caused her grades to plummet and her behavior to degenerate.  Concomitantly, the defendant had repeated and actual knowledge that other students were threatening and harassing the plaintiff both inside the school building and outside.  The defendant was informed by Hamden police officers that they

---

[2] He eventually was convicted and sent to prison.

considered the conduct of these students criminal obstruction of justice.  Yet no action was taken against the harassers despite express written school policies that would have permitted their expulsion as well.  Indeed, all the defendant did was occasionally and sporadically provide a police guard for the plaintiff to enable her to move from classroom to classroom without suffering actual physical assault.

To characterize the foregoing response of the defendant as indifferent would be an understatement of the first magnitude.  In fact, the defendant's response to the victim's suffering was nothing less than appalling.  The defendant's response to the suffering of this victim is truly identical to the conduct of the East Haven Board of Education which resulted in a jury award to the victim in the amount of $100,000 – a verdict recently affirmed by the Second Circuit.  Doe ex rel. A.N. v. East Haven Board of Education, *supra*.

"The standards governing summary judgment are well-settled.  Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the

non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2nd Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3rd Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2nd Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2nd Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no

construction of the evidence could support judgment in the plaintiff's favor. <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Olin Corp. v. Consolidated Aluminum Corp.</u>, 5 F.3d 10, 14 (2nd Cir. 1993); <u>United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103</u>, 998 F.2d 129 (2nd Cir. 1993); <u>Union Pacific Corp. v. United States</u>, 5 F.3d 523, 525 (Fed. Cir. 1993); <u>Suarez v. Dickmont Plastics Corp.</u>, 229 Conn. 99, 105 (1994); <u>D.H.R. Construction Co. v. Donnelly</u>, 180 Conn. 430, 434 (1980); <u>Connell v. Colwell</u>, 214 Conn. 242, 246-47 (1990).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." <u>Gummo v. Village of Depew</u>, 75 F.3d 98, 107 (2nd Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party.  So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied.  <u>In re Unisys Savings Plan Litigation</u>, *supra*, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. <u>R. B. Ventures, Ltd. v. Shane</u>, 112 F.3d 54, 58-59 (2nd Cir. 1997).  "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving

party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2nd Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3rd Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2nd Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2nd Cir. 1996).

The facts set forth in the deposition testimony of the victim and her mother, and further elucidated in their sworn interrogatory responses, all of which are filed herewith, are more than sufficient to require that the motion for summary judgment in this case be denied.

          Respectfully submitted:

          /s/
          JOHN R. WILLIAMS (ct00215)
          51 Elm Street
          New Haven, CT 06510
          (203) 562-9931
          Fax: (203) 776-9494
          jrw@johnrwilliams.com
          Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/
          JOHN R. WILLIAMS